

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,049

**SCOTT LOUIS PANETTI, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM THE DENIAL OF DEFENDANT'S RENEWED MOTION TO STAY OR MODIFY THE EXECUTION DATE FILED IN CAUSE NO. 3310 IN THE 216TH DISTRICT COURT GILLESPIE COUNTY

ALCALA, J., filed a dissenting opinion in which PRICE, JOHNSON, and COCHRAN, JJ., joined.

### DISSENTING OPINION

I respectfully dissent from this Court's dismissal of the appeal filed by Scott Louis Panetti, appellant, in which he seeks to challenge the trial court's denial of his motion to stay the execution, appoint counsel, and authorize funds for investigative and expert assistance pursuant to Code of Criminal Procedure Article 46.05, the competency-to-be-executed statute. *See* TEX. CODE CRIM. PROC. art. 46.05(a). The Court today concludes that it lacks jurisdiction over this appeal on the basis

that the trial court's denial of appellant's motion does not constitute an appealable order and, in any event, this Court lacks jurisdiction to review an order issued under Article 46.05 when a defendant files his motion within twenty days of his scheduled execution date. I disagree with this overly formalistic interpretation. Given the constitutional prohibition on executing a mentally incompetent person that is at stake in this case, it is incumbent upon this Court to liberally construe both appellant's motion and the provisions in Article 46.05 so as to permit appellate review of the matters raised in this appeal. Rather than dismiss the appeal, I would grant appellant's motion for a stay of execution and consider the merits of his challenge to the trial court's order.

## I. Appellant's Motion, Liberally Construed, Invokes This Court's Jurisdiction

Appellant filed a motion entitled, "Defendant's Renewed Motion to Stay or Modify Execution Date, Appoint Counsel, and Authorize Funds for Investigative and Expert Assistance to Provide Meaningful Opportunity to Prepare Article 46.05 Motion." The motion requests, among other things, funds for the appointment of mental-health experts so that appellant may provide factual support for his claim that he is incompetent to be executed. The motion was presented to the trial court and was denied. The trial court set an execution date of December 3, 2014.

Appellant's motion requested funds so that he could make an initial showing of incompetency as required by Article 46.05. *See id.* art. 46.05(c)-(f). Despite the lack of any statutory provision that would provide funding for the appointment of mental-health experts prior to the filing of such a motion, Article 46.05 requires an indigent defendant to make a threshold showing of incompetency. *See id*. Pursuant to subsection (e), a defendant such as appellant who has previously been determined to be competent to be executed is presumed to be competent, but that presumption may be overcome. Article 46.05(e) states,

> If a defendant is determined to have previously filed a motion under this article, and has previously been determined to be competent to be executed, the previous adjudication creates a presumption of competency and the defendant is not entitled to a hearing on the subsequent motion filed under this article, unless the defendant makes a prima facie showing of a substantial change in circumstances sufficient to raise a significant question as to the defendant's competency to be executed at the time of filing the subsequent motion under this article.

*Id.* art. 46.05(e).[1] In this case, the trial court denied appellant's request for the funds that were key to his ability to make a prima facie showing of a substantial change in circumstances. *See id.* The essence of appellant's complaint raised in his motion and on appeal is that, although he has made a colorable showing of incompetence, without necessary funding to obtain the assistance of mental-health experts, he could not show his incompetence under the standard set forth in Article 46.05(e). *Id.*

Although appellant's motion's title requesting a "Meaningful Opportunity to Prepare Article 46.05 Motion" appears to suggest that it is not itself an Article 46.05 motion to determine competency, I conclude that, liberally construed, the substance of that motion adequately invokes the jurisdiction of this Court. Describing what must be contained in a motion filed by a defendant who seeks to establish that he is incompetent to be executed, Article 46.05 states,

> A motion filed under this article must identify the proceeding in which the defendant was convicted, give the date of the final judgment, set forth the fact that an execution

---

[1] Additionally, Article 46.05(f) provides for the appointment of mental-health experts only after a defendant has made a substantial showing of incompetency. *See* TEX. CODE CRIM. PROC. art. 46.05(f). That provision states,

> If the trial court determines that the defendant has made a substantial showing of incompetency, the court shall order at least two mental health experts to examine the defendant using the standard described by Subsection (h) to determine whether the defendant is incompetent to be executed.

*Id*.

date has been set if the date has been set, and clearly set forth alleged facts in support of the assertion that the defendant is presently incompetent to be executed. The *defendant shall attach affidavits, records, or other evidence supporting the defendant's allegations or shall state why those items are not attached.* The defendant shall identify any previous proceedings in which the defendant challenged the defendant's competency in relation to the conviction and sentence in question, including any challenge to the defendant's competency to be executed, competency to stand trial, or sanity at the time of the offense. The motion must be verified by the oath of some person on the defendant's behalf.

*See id.* art. 46.05(c) (emphasis added). Appellant's motion expressly states that appellant is "presently incompetent to be executed." It further explains that appellant cannot attach items in support of a motion under Article 46.05 due to a lack of funds to obtain assistance from mental-health experts whose opinions are required to make a substantial showing under the article.[2] Because appellant's argument is intertwined with the substance of the relief sought by Article 46.05, this Court may properly exercise its jurisdiction and review the trial court's ruling on his motion. *See Staley v. State*, 420 S.W.3d 785, 787 (Tex. Crim. App. 2013) (concluding that this Court had jurisdiction to review merits of collateral involuntary-medication order that was "intertwined" with trial court's ruling that defendant was competent to be executed).

The Court additionally suggests that it is not permitted to review the trial court's order

---

[2] *See* TEX. CODE CRIM. PROC. art. 46.05(d)-(g). Article 46.05 provides that, upon receipt of a motion,

> the trial court shall determine whether the defendant has raised a substantial doubt of the defendant's competency to be executed on the basis of: (1) *the motion, and any attached documents*, and any responsive pleadings; and (2) if applicable, the presumption of competency under Subsection (e).

*Id.* art. 46.05(d) (emphasis added). The Article additionally places the burden of demonstrating incompetency on a defendant by providing that, "[i]f the trial court does not determine that the defendant has made a substantial showing of incompetency, the court shall deny the motion and may set an execution date as otherwise provided by law." *Id.* art. 46.05(g).

denying appellant's motion because appellant filed his motion in the trial court after the twentieth day before the scheduled execution date. *See* TEX. CODE CRIM. PROC. art. 46.05(l-1) (barring this Court's review of "any finding of the defendant's competency made by a trial court as a result of a motion filed under this article if the motion is filed on or after the 20[th] day before the defendant's scheduled execution date"). The record in this case, however, indicates that appellant filed both an original motion and a "renewed" motion in the trial court, with the original motion being filed prior to the twenty-day deadline. Liberally construing appellant's pleadings in this case, I would find that, because appellant timely filed his original motion asserting incompetency and seeking appointment of counsel and investigatory and expert funding, he substantially complied with the twenty-day rule, and this Court may, therefore, properly review the merits of his complaint. *See id.*; *see also Druery v. State*, 412 S.W.3d 523, 536 (Tex. Crim. App. 2013) (permitting review of both Article 46.05 competency motion and supplement to that motion, when only original motion was timely filed for purposes of twenty-day rule).

## II. Constitution Prohibits Execution of Mentally Incompetent Person

"A person who is incompetent to be executed may not be executed." TEX. CODE CRIM. PROC. art. 46.05(a). This language codifies the absolute constitutional prohibition against the execution of a person who, as a result of his mental illness, does not understand the reasons for the penalty or its implications. *See Ford v. Wainwright*, 477 U.S. 399, 417 (1986) (plurality op.). In *Ford*, the Supreme Court also recognized that a defendant must be afforded an adequate opportunity to present evidence relevant to the matter of his competency to be executed. It stated,

> [C]onsistent with the heightened concern for fairness and accuracy that has characterized our review of the process requisite to the taking of a human life, we believe that any procedure that precludes the prisoner or his counsel from presenting

> material relevant to his sanity or bars consideration of that material by the factfinder is necessarily inadequate.

*Id*. at 414. In light of these principles, this Court should liberally construe the terms of Article 46.05 and appellant's motion so as to give effect to both the substantive and procedural protections that are implicated in this case, including a determination as to whether appellant should be afforded the opportunity to factually develop his claim of incompetency through appointment of counsel and mental-health experts. *See Ex parte Jones*, 440 S.W.3d 628, 633 (Tex. Crim. App. 2014) (explaining that this Court "liberally construes" statutes in favor of constitutionality). Appellant is constitutionally entitled to both the substantive protection against the execution of a mentally incompetent person, as well as to the procedural protections that guarantee him a full and fair opportunity to litigate the matter of his competency. *See Ford*, 477 U.S. at 413-14. Instead, by declining to construe appellant's motion as a pleading to determine his competency under Article 46.05, this Court, at best, deprives appellant of a fair opportunity to litigate his claims, thereby violating the constitutionally required procedural protections recognized in *Ford*. At worst, this Court's decision will result in the irreversible and constitutionally impermissible execution of a mentally incompetent person.

It is this Court's obligation to uphold the guarantees of the federal Constitution and to interpret Texas's statutory competency-to-be-executed scheme in such a way as to comply with those guarantees. I would accordingly grant appellant's motion to stay the execution and review his challenge to the trial court's order on the merits. Because the Court today elevates form over substance and concludes that it lacks jurisdiction to review appellant's challenge to the trial court's order denying his motion for stay of execution, appointment of counsel, and request for investigatory

funding, I respectfully dissent.

Filed: November 25, 2014

Do Not Publish